Filed 7/21/14  P. v. Earby CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040349 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1353724) |
| v. | |
| DARNELL JOSEPH EARBY, | |
| Defendant and Appellant. | |

Defendant Darnell Joseph Earby appeals after pleading no contest to stalking with a prior felony stalking conviction (Pen. Code, § 646.9, subd. (c)(2)),[1] admitting that he had three prior strikes (§§ 667, subds. (b)-(i), 1170.12), and admitting that he had served two prior prison terms (§ 667.5, subd. (b)).  He was sentenced to five years in prison.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Offense*[2]

Defendant's ex-girlfriend reported to the police that defendant had made threats to her and her family primarily by text messages beginning in early August 2012. While the victim was making the report to the police, she received a text message from defendant that contained a picture of defendant holding a gun to his mouth.

Defendant's numerous text messages included threats to kill the victim, her children, and her mother. For example, text messages to the victim stated, "Bitch, I'm gonna kill you, your kids, mama," "somebody gonna die," and "I'm coming for your kids bitch." Text messages to the victim's family members included statements such as "let her know I'm going to kill that bitch," and that defendant was going to " 'F her up.' " In multiple messages defendant also indicated he was coming to the house, and that "somebody is going to pay." The text messages were sent at different times, including late at night and in the early morning hours. After the victim stopped responding to the texts, defendant became "extremely vicious and graphic" with descriptions of how he would kill the victim or her children. For example, he stated that he would beat their faces in until they died.

The victim also reported that in the early morning of August 14, 2012, she saw defendant climbing in her bedroom window with a flashlight in one hand and a gun in the other hand. The victim ran to a neighbor's house and called the police.

The victim was extremely fearful for her life and the lives of her mother and children. She told the police that she was not going to return to her residence and that she

---

[2] The facts are taken from the preliminary examination.

was going to keep her children out of school until defendant was in custody. She continued to express fear to the police several months later.

## B.    *Charges and Plea*

On July 16, 2013, defendant was charged with one count of stalking with a prior felony stalking conviction (§ 646.9, subd. (c)(2); count 1), two counts of making criminal threats (§ 422; counts 2 & 3), and one count of first degree burglary (§§ 459, 460, subd. (a); count 4). It was further alleged that defendant had three convictions that qualified as prior strikes (§§ 667, subds. (b)-(i), 1170.12) and that two of the convictions were serious felonies (§ 667, subd. (a)). It was also alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)), one of which was for a felony stalking conviction.

Defendant pleaded no contest to stalking with a prior felony stalking conviction (§ 646.9, subd. (c)(2)). He also admitted that he had three prior strikes (§§ 667, subds. (b)-(i), 1170.12), and that he had served two prior prison terms (§ 667.5, subd. (b)). Defendant entered his plea and admissions with the understanding that he would receive five years in prison. The remaining counts and allegations were dismissed at the time of sentencing.

## C.    *Probation Department's Waived Referral Memorandum*

According to the probation department's waived referral memorandum, defendant was arrested for the instant case on August 30, 2012. A "[p]arole [h]old" was placed against defendant at that time, and a parole agent reported that defendant was in violation of his parole for absconding. Regarding the parole violation, defendant signed an "Optional Waiver and was assessed 180 days, eligible for half time." According to the probation department, "Inasmuch as the violation was based on mixed conduct, 90 days were deducted from the defendant's credits toward the present matter."

3

**D.** *Sentencing and Restitution Hearings*

On September 9, 2013, the trial court sentenced defendant to five years in prison. The court made a general order of restitution and also ordered defendant to pay various fines and fees. One of the prior prison term enhancements and the remaining counts and allegations were stricken or dismissed. Defendant was granted 572 days of custody credits, consisting of 286 actual days plus 286 days conduct credit. In response to a question by defendant at the sentencing hearing concerning his arrest date and credits, the court stated that defendant's "credits are limited because during 90 days of the time [he was] in custody, [he was] serving a parole violation for mixed[] conduct so [he does not] get credits against this."

A restitution hearing was held on September 13, 2013. The court ordered defendant to pay $2,000 to the Victim Compensation and Government Claims Board.

**E.** *Appeal*

In conjunction with his notice of appeal from the September 9, 2013 judgment, defendant requested a certificate of probable cause, indicating he would challenge the calculation of actual days of custody credits. The trial court granted defendant's request.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

4

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

5